**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONYA KHACHIKYAN, | No. 09-72559 |
| Petitioner, | Agency No. A095-198-894 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Sonya Khachikyan, a native of Iran and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

Among other findings, the agency found Khachikyan not credible based on the discrepancy between Khachikyan's testimony and her declaration regarding which encounter with the government officials resulted in her husband's broken leg. The record does not compel a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it[.]) (emphasis in original). In addition, substantial evidence supports the agency's finding that the background evidence failed to establish that Khachikyan has a well-founded fear of persecution as a Jehovah's Witness. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009) (describing the "general principles" guiding the analysis of whether a group faces a pattern or practice of persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Accordingly, Khachikyan's asylum claim fails.

Because Khachikyan failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

09-72559

Finally, substantial evidence also supports the agency's denial of CAT relief because Khachikyan failed to establish that it is more likely than not she will be tortured by or with the acquiescence of the government of Armenia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**